# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BRYAN CAMILO ALGARRA
GONZALEZ,

Petitioner,

v.

DODGE DETENTION FACILITY
WARDEN,[1]

Respondent.

Case No. 26-CV-97-JPS

**ORDER**

---

In January 2026, Stephanie Forero Robledo ("Robledo") brought a petition on behalf of Bryan Camilo Algarra Gonzalez ("Gonzalez") under 28 U.S.C. § 2241, seeking to challenge his detention at Dodge Detention Facility. ECF No. 1. As Magistrate Judge Nancy Joseph noted, the Court cannot accept a petition signed by Robledo, a non-lawyer. ECF No. 2 at 1 (citing *Elustra v. Mineo*, 595 F. 3d 699, 704 (7th Cir. 2010), 28 U.S.C. § 1654, and FED. R. CIV. P. 11(a)). Magistrate Judge Joseph allowed Gonzalez until February 20, 2026 to sign and resubmit the petition, but indicated that a failure to do so would result in dismissal of the case. *Id*. at 2. On March 3, 2026, because a corrected petition had still not been submitted, Magistrate Judge Joseph issued a report and recommendation (the "R&R") that the case be dismissed. ECF No. 3. She further ordered that any written objections to the recommendation be filed within fourteen days of service of the recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal

---

[1]Because, as explained below, Gonzalez was deported, there is no way to confirm or update the name of the proper Respondent.

Rule of Civil Procedure 72(b)(2), and General Local Rule 72(c). *Id.* at 2. The United States later informed the Court that Gonzalez was deported as of March 10, 2026. ECF No. 6.

Although the R&R was returned undeliverable, ECF No. 5, there is no evidence that he did not receive the earlier order, ECF No. 2, directing him to sign the petition himself. Because he failed to heed that order, ECF No. 2, the basis for dismissal remains justified. That being the case and independently seeing no reason to depart from the recommendation,[2] the Court will adopt Magistrate Judge Joseph's recommendation and order that petition be denied without prejudice. *See* FED. R. CIV. P. 72, Notes of Advisory Committee on Rules—1983 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, which can be applied to § 2241 petitions by operation of Rule 1(b) of the same, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right." "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*,

---

[2]The fact that Gonzalez was deported provides only additional reason that the proper course of action here is dismissal without prejudice.

574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir. 2008)). Although the rule allows a court to ask the parties to submit arguments on whether a certificate is warranted, it is not necessary to do so here. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation, ECF No. 3, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.